IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  09-cv-01613-CMA-BNB

ROBERT DARROW, individually and on behalf of other similarly situated persons, and
RICHARD MCVEY,

Plaintiffs,

v.

WKRP MANAGEMENT, LLC,
WKRP COLORADO PP, LLC,
WKRP COLORADO, LLC, and
WKRP HOLDINGS, LLC,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Motion to Alter Case Scheduling Order** [Doc. # 32, filed 10/13/2009] (the "Motion").  The Motion is DENIED without prejudice.

The Motion recites that "Defendants' counsel contacted Plaintiff's [sic] counsel on October 12 via e-mail to inquire as to Plaintiff's [sic] position with respect to this motion.  As of the time of the filing of this motion [10/13/2009 at 11:59 a.m.], Plaintiffs' counsel has not yet advised Defendants' counsel whether Plaintiffs agree with or oppose this motion."

Local rule of practice 7.1A, D.C.COLO.LCivR, requires:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred <u>or made reasonable, good-faith efforts to confer</u> with opposing counsel or a *pro se* party to resolve the disputed matter.  The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(Emphasis added.)

In Hoelzel v. First Select Corp., 214 F.R.D. 634, 636 (D. Colo. 2003), I explained the requirements of local rule 7.1A as follows:

> The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion . . .and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A. . . . Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

The defendants have failed meaningfully to confer as required by D.C.COLO.LCiv R 7.1A and Hoelzel.

IT IS ORDERED that the Motion is DENIED without prejudice, and may be renewed after a meaningful conference under D.C.COLO.LCivR 7.1A.

Dated October 14, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge