IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01613-CMA-BNB

ROBERT DARROW, individually and on behalf
of a class of others similarly situated,

    Plaintiffs,

v.

WKRP MANAGEMENT, LLC,
WKRP COLORADO PP, LLC,
WKRP COLORADO, LLC,
WKRP HOLDINGS, LLC,

    Defendants.

## ORDER REGARDING DEFENDANTS' RULE 12 MOTION

This is a case alleging violations of the Fair Labor Standards Act ("FLSA") and the Colorado Minimum Wage of Workers Act ("CMWWA"). This matter is before the Court on Defendants' Rule 12 Motion (Doc. # 19). Jurisdiction is proper pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1332(d)(2) and 1367.

## I. BACKGROUND

Defendants operate approximately forty-four Pizza Hut franchise stores in Colorado, Kansas, New Mexico, and Wyoming. Plaintiffs allege in their Complaint (Doc. # 1) that Defendants' policy and practice is not to reimburse their delivery drivers for automobile costs, uniform purchases and maintenance, and other job-related expenses, resulting in delivery drivers being paid less than both the federal and Colorado minimum

wage. Plaintiffs also allege that Defendants do not pay the cost of purchases, maintenance and cleaning of uniforms and special apparel worn by Plaintiff and other similarly situated employees as required by Colorado law.

Plaintiffs argue that Defendants' alleged deliberate failure to pay its employees their earned wages violates the FLSA and the CMWWA. Plaintiffs further argue that Defendants' alleged failure to pay the cost of purchases, maintenance and cleaning of uniforms and special apparel worn by Plaintiff Robert Darrow and other similarly situated employees violates the CMWWA and 7 Colo. Code Regs. § 1103-1.

Defendants argue in their Brief in Support of Their Rule 12 Motion (Doc. # 20) that parts of the Complaint should be dismissed and/or a more definite statement required because: (1) Plaintiffs seek damages for violation of the FLSA's record-keeping requirements, (2) Plaintiffs fail to plead sufficient facts supporting their claim for violation of the FLSA's record-keeping requirements, (3) Plaintiffs fail to plead sufficient facts supporting their claim for failure to reimburse employees for uniform and special apparel purchases, laundering, cleaning and maintenance, and (4) Defendants' required attire does not constitute a uniform.

In their Response to Defendants' Rule 12 Motion (Doc. # 26), Plaintiffs clarify that they are not seeking separate record-keeping claims under federal or state law, nor are they seeking damages for such claims. Plaintiffs also allege new uniform-related facts in the Response.

Defendants filed a supplement to their Rule 12 Motion to Dismiss (Doc. # 67) on March 12, 2010. In the supplement, Defendants attach a Memorandum and Order of the United States District Court for the District of Kansas on a motion for judgment on the pleadings involving the same claims and another Pizza Hut franchisee, NPC International, Inc. *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2010 WL 715250 (D. Kan. March 2, 2010). Defendants also attach an Order of this Court involving a nearly identical Complaint and Rule 12 Motion. *Smith v. Pizza Hut,* No. 09-1632, 2010 WL 924127 (D. Colo. March 11, 2010).

## II. ANALYSIS

Plaintiffs contend that their Complaint is sufficient under the "short and plain statement" standard required by Fed. R. Civ. P. 8(a)(2).[1] Plaintiffs, however, misapprehend their burden under Rule 8.[2] The Supreme Court has explained that:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

*Iqbal* formulated a two-pronged approach for courts to apply in deciding whether a given complaint satisfies the Rule 8 standard. First, conclusory allegations should be

---

[1] Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . .").

[2] *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

disregarded. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In other words, assuming the truth of Plaintiffs' "facts," do they reasonably imply that the Defendants are liable to Plaintiffs?

Plaintiffs' Complaint is inadequate under this standard. It suffers from two basic flaws: lack of clarity and conclusory allegations. With respect to lack of clarity, it is unclear whether Plaintiffs are alleging record-keeping claims under the FLSA and the CMWWA. Although Plaintiffs clarify in their Response to Defendants' Rule 12 Motion (Doc. # 26) that they are not pleading a cause of action or seeking damages for failure to keep adequate records, that clarification does not belong in a response. Both the Defendants and this Court are entitled to a Complaint that provides clear notice of what claims are at issue, without having to consult ancillary pleadings. Second, in Count I, it is unclear whether Plaintiffs are asserting automobile-related expense claims or uniform claims, or both. Plaintiffs should make clear under each Count of their Complaint the underlying facts in support of the cause of action rather than simply stating "Plaintiff reasserts and re-alleges the allegations set forth above." (Doc. # 1, ¶¶ 41, 54, and 67.) Further, to the extent that Plaintiffs allege automobile-related expense claims, they should be aware that under the applicable federal regulations,

4

Defendants may approximate those expenses in reimbursing them. *See Wass v. NPC Int'l, Inc.*, No. 09-2254, 2010 WL 715250, *4 (D. Kan. March 2, 2010).

Plaintiffs' Complaint also suffers from conclusory allegations. First, Plaintiffs do not plead facts that plausibly show they were required to purchase "uniforms" as the term is defined under the FLSA and CMWWA. (*See* Doc. # 20, Exs. A-H.) Plaintiffs state that they were required to wear a "uniform," however, it is not until Count III of the Complaint that Plaintiffs allege that they were required to wear "black dress pants" and "restaurant-quality non-slip shoes." However, even if the Court were to incorporate the allegations of Count III into Count I, Plaintiffs ignore the authority that "black dress pants" and "restaurant-quality non-slip shoes" do not constitute a "uniform." *See* Department of Labor Wage and Hour Opinion Letter FLSA2008-4 (May 15, 2008); Field Operations Handbook ("FOH") § 30c12(f)(1)a; 281 Fair Lab. Standards Handbook for States, Loc. Gov't & Sch. Newsl. 11. Therefore, Plaintiffs need to come forward with alleged facts that plausibly show that the clothing they were required to wear was a "uniform." Discovery is not necessary to identify these "facts" because Plaintiffs know what they were required to wear and what they in fact did wear as delivery drivers. Second, Plaintiffs do not allege facts that plausibly show that Defendants were required to pay for laundering and maintenance under the FLSA and the CMWWA. Again, Plaintiffs simply make conclusory allegations. Plaintiffs state in Count III that "[Defendants] failed to and refused to pay the cost of purchase, maintenance and cleaning of these uniforms and special apparel items." (Doc. # 1, ¶ 71.) However,

5

under both the FLSA and CMWWA, the law is clear that employers are only required to reimburse employees if the uniforms require some kind of special treatment, *i.e.* dry-cleaning.  *See* Field Operations Handbook (FOH) § 30c12(b)(1) and 30c12(b)(2); 7 Colo. Code Regs. § 1103-1, ¶ 11.  In an effort to cure this pleading deficiency, Plaintiffs allege new facts in their Response to Defendants' Rule 12 Motion.  (Doc. # 26.)  Again, Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss.  *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss.").  Finally, Plaintiffs have alleged only conclusorily that the deficiency in reimbursements brought their wages below the legal minimum.  Plaintiffs do not allege what they were paid on an hourly basis, what amounts they expended delivering pizzas, what they were reimbursed per-delivery, or any other facts that would allow this Court to infer that Plaintiffs have actually received less than minimum wage.  *See Bailey v. Border Foods, Inc.*, No. 09-1230, 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing similar minimum wage claims by Pizza Hut delivery drivers on this basis); *See also Wass v. NPC Int'l, Inc.*, No. 09-2254, 2010 WL 715250, at *15 (D. Kan. March 2, 2010) (requiring a higher degree of specificity of pleading under the FLSA and CMWWA, in a class action, for claims that the wage rate should be reduced because of expenses that were not sufficiently reimbursed).

## IV. CONCLUSION

Accordingly, Defendants' Rule 12 Motion (Doc. # 19) must be GRANTED. The Court, however, GRANTS Plaintiffs leave to file within twenty-one (21) days an amended complaint that complies with the *Twombly/Iqbal* plausibility standard.[3] If Plaintiffs cannot, in good faith[4], file such a complaint, or if Plaintiffs file nothing within twenty-one (21) days, this case will be dismissed with prejudice.

DATED: April __6__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] The Court is aware that Plaintiffs did not file a formal motion to amend. According to D.C.Colo.LCivR 7.1C, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." However, the Court will excuse Plaintiffs failure to comply with the local rules this time.

[4] *See* FED. R. CIV. P. 11(b)(3) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .").