IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01613-CMA-BNB

ROBERT DARROW, individually and on behalf of other similarly situated persons,

Plaintiff,

v.

WKRP MANAGEMENT, LLC,
WKRP COLORADO PP, LLC,
WKRP COLORADO, LLC, and
WKRP HOLDINGS, LLC,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to File Confidential Exhibits Under Seal** [Doc. # 129, filed 4/4/2011] (the "Motion to Seal").

The Motion to Seal is based on the fact that "[s]ome of the documents filed as exhibits to the Renewed Motion for Conditional Collective Action Certification have been designated by Defendants as confidential within the meaning of the Protective Order entered by the Court on December 29, 2009." Motion to Seal [Doc. # 129] at ¶1. Local rule of practice 7.2B, D.C.COLO.LCivR, is applicable in circumstances like these and provides:

> A stipulated protective order or a confidentiality agreement
> executed by the parties, standing alone, will not suffice for sealing
> a paper or closing a court proceeding to the public, will not
> substitute for the showing required by D.C.COLO.LCivR 7.2C,
> and will not be binding on the court. Any document that a party
> asserts should not be part of the public record pursuant to a
> protective order or a confidentiality agreement shall be filed as a
> sealed document. The document shall be sealed for 14 days. If no

>motion to seal is filed within 14 days, the document shall be automatically unsealed.

The plaintiff relies only on the existence of a protective order and the defendants' designation of the documents as confidential in support of the Motion to Seal, which are inadequate grounds under the local rule to justify such relief.  The plaintiff offers no argument in support of sealing which would satisfy the requirements of D.C.COLO.LCivR 7.2C, and appears not to support an order sealing.  Consequently, the plaintiff should have filed the exhibits as sealed documents, without a motion to seal, and left it to the defendants to file a motion to seal if they believed it appropriate.

I will allow the defendants to and including **April 28, 2011**, within which to file a motion to seal that meets the requirements of D.C.COLO.LCivR 7.2C.  If such a motion is timely filed, the exhibits [Doc. # 128] will remain sealed pending a ruling on that motion.  If no such motion is filed, the exhibits [Doc. # 128] shall be unsealed and deemed a part of the public record.

SO ORDERED.

Dated April 14, 2011.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge