IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  09-cv-01613-CMA-BNB

ROBERT DARROW, individually and on behalf of other similarly situated persons,

Plaintiff,

v.

WKRP MANAGEMENT, LLC,
WKRP COLORADO PP, LLC,
WKRP COLORADO, LLC, and
WKRP HOLDINGS, LLC,

Defendants.
_____

**ORDER**
_____

This matter arises on **WKRP's Motion and Memorandum of Law In Support of a Temporary Stay of the Deadline to Respond to Plaintiff's Motion for Conditional Certification Pursuant to the Scheduling Order** [Doc. # 131, filed 4/13/2011] (the "Motion re Response").  The plaintiff opposes the motion.  Plaintiff's Memorandum in Opposition [Doc. # 135, filed 4/18/2011] (the "Response").  For the reasons stated below, the Motion re Response is GRANTED.

On April 4, 2011, the plaintiff filed his Renewed Motion for Conditional Collective Action Certification and Memorandum in Support [Doc. # 127] (the "Motion for Conditional Certification").  The Motion re Response seeks an order relieving the defendants from the obligation of responding to the Motion for Conditional Certification until after the district judge rules on the pending motion to dismiss the plaintiff's claims.

This case is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Second Amended Complaint [Doc. # 102] at ¶2. The district judge dismissed a previous complaint finding that it failed to plead sufficient facts to state a plausible claim for relief, citing United States v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Order [Doc. # 69, filed 4/6/2010] at pp. 4, 7. She allowed the plaintiff leave to file an amended complaint, however, that met the applicable pleading standard. Id. at p. 7. The plaintiff filed an amended complaint on April 27, 2010. Amended Complaint [Doc. # 78]. The defendants responded with a second motion to dismiss. Motion to Dismiss [Doc. # 82, filed 5/25/2010]. Thereafter, the plaintiff again sought leave to amend, arguing that further amendment was appropriate to allow the plaintiff to cure a pleading error identified by a different court in a similar action. Motion for Leave to Amend [Doc. # 92, filed 7/21/2010] at ¶¶4-5. Leave to amend was granted, Order [Doc. # 101, filed 8/10/2010], resulting in the filing of plaintiff's Second Amended Complaint [Doc. # 102]. The defendants again moved to dismiss [Doc. # 106, filed 9/13/2010], and that motion is pending.

Following a status conference, I entered an order setting a case schedule. Order [Doc. # 120, filed 2//3/2011]. Importantly, the schedule provided that the plaintiff's "[d]eadline to file motion to conditionally certify collective action and proposed notice" was 30 days after the defendants file their answer. Order [Doc. # 120] at p. 1. The deadline followed the recommendation of the parties, see Joint Status Report and Proposed Case Plan and Schedule [Doc. # 117, filed 1/21/2011], which was based on the following rationale:

> The parties believe that [the proposed schedule] will accommodate the various outcomes that may occur in this case, and should ensure that the parties do not often need the Court's assistance on scheduling issues. It also takes into account the fact that the Court

must rule on certain issues before other deadlines may expire. . . .

Id. at pp. 2-3.  I agree with the defendants that this provision, and the entire structure of the schedule which I set on February 23, "contemplates an orderly administration of the case" with "deadlines that are only triggered" after the district judge rules, in the first instance, on the pending motion to dismiss, which will trigger the defendants' duty to answer.  Motion re Conditional Certification [Doc. # 131] at p. 6.

This is not an ordinary case.  The complaint was dismissed once for failure to state a claim for relief.  The plaintiff voluntarily sought leave to amend a second time to correct a perceived pleading deficiency.  The defendants have moved to dismiss the Second Amended Complaint arguing again, among other things, that it is insufficient under the requirements of Iqbal.  Although I do not presume to predict the district judge's decision on the pending motion to dismiss, it is not obvious that the motion to dismiss will be denied and that the defendants will be required to answer.

I also agree with the defendants that briefing conditional certification at this time is premature because it is not a certainty that the district judge will consider the conditional certification while the pending motion to dismiss is pending.  Response [Doc. # 131] at p. 8.

The burden of resisting conditional certification is not insubstantial, and the consequences of conditional certification of this case as a collective action may be significant. See Rachel K. Alexander, "Federal Tails and State Puppy Dogs: Preempting Parallel State Wage Claims to Preserve the Integrity of Federal Group Wage Actions," 58 AM. U. L. REV. 515, 541 (2009)(stating that the collective action notice following conditional certification under the FLSA "can create settlement pressure early in the action . . . because it signals the potential

expansion of the case and the need for significant and expensive class-wide discovery").

Under these circumstances, I find that it is appropriate to stay the defendants' deadline to respond to the plaintiff's Motion for Conditional Certification. First, there is no certainty that the district judge will rule on the issue of conditional certification before she decides the motion to dismiss, especially because she previously dismissed the action for failure to state a claim. In addition, in view of the plaintiff's previous agreement on a schedule that contemplated that the Motion for Conditional Certification would be filed after the defendants' answer, the plaintiff's current insistence on seeking conditional certification may be an attempt to gain a potentially unwarranted tactical advantage in the litigation. Requiring the defendants to respond to the Motion for Conditional Certification at this time would unnecessarily burden the defendants, in view of the pending motion to dismiss. Determination now of the conditional certification issue would not benefit the court's case coordination and could unnecessarily expand and complicate the case. Only the interests of potential class members weighs in favor of conditional certification at this time. Those interests may be addressed in other ways, however. For example, any potential class members who are aware of this action can move to intervene. Those not aware of the action but who believe they have a claim against these defendants may commence an independent action. And I am informed that a nation-wide collective action has been conditionally certified in Kansas, which may be an alternative forum for potential class members here. Response [Doc. # 135] at p. 5.

IT IS ORDERED:

1.      The Motion re Response [Doc. # 131] is GRANTED; and

2.      The defendants shall respond to the Motion for Conditional Certification, if

necessary, at the time the defendants file their answer, if one is required.

Dated May 2, 2011.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge