**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01613-CMA-BNB

ROBERT DARROW, individually and on
behalf of other similarly situated persons,

      Plaintiff,

v.

WKRP MANAGEMENT, LLC,
WKRP COLORADO PP, LLC,
WKRP COLORADO, LLC,
WKRP HOLDINGS, LLC,

      Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint (Doc. # 106) (hereinafter, "Amended Complaint").  In this

case, Plaintiff Robert Darrow, individually and on behalf of other similarly situated

persons, alleges that WKRP Management, LLC, WKRP Colorado PP, LLC, WKRP

Colorado, LLC, and WKRP Holdings, LLC (collectively "Defendants") violated the Fair

Labor Standards Act ("FLSA") and the Colorado Minimum Wage of Workers Act

("CMWWA") by failing to reasonably approximate his automotive expenses for

reimbursement purposes, and thereby, failing to pay him minimum wage.  Jurisdiction

over Plaintiff's FLSA claim is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C.

§ 1331.  Jurisdiction over Plaintiff's CMWWA claim is proper pursuant to 28 U.S.C.

§ 1367(a).

## I.  BACKGROUND

### A.    FACTS

Defendants jointly operate approximately forty-eight Pizza Hut franchise stores in

Colorado, Kansas, Missouri, and New Mexico.  Plaintiff is employed by Defendants as a

pizza delivery driver in Colorado.  Opt-in Plaintiffs James Adair, James Connors,

Joseph Conners, Isaac Hayes, Amy McVey, and Richard McVey (collectively "opt-in

Plaintiffs") are also employed by Defendants as delivery drivers at stores in Colorado,

Kansas, and Missouri.  Defendants paid Plaintiff at or near the Colorado minimum wage

from 2007 to 2009.  Defendants paid opt-in Plaintiffs at or near the applicable state

minimum wage, but never paid opt-in Plaintiffs more than $2.00 over the federal

minimum wage.  In 2009, the Colorado minimum wage was $7.28 per hour.  The federal

minimum wage was $6.55 per hour from January to July 2009 until it was raised to

$7.25 per hour after July.  On average, Plaintiff and opt-in Plaintiffs delivered two to

three orders per hour and drove five miles per delivery.

Plaintiff alleges that Defendants required their delivery drivers to "maintain and

pay for safe, legally-operable, and insured automobiles when delivering WKRP's pizza

2

and other food items." (Doc. # 102.)  Defendants reimbursed Plaintiff between $0.75 and $1.00 per delivery for the vehicle expenses incurred by Plaintiff to make deliveries. Plaintiff alleges that it was Defendants' policy and practice to unreasonably estimate employees' automotive expenses for reimbursement purposes, which caused Plaintiff and other similarly situated individuals to be paid less than the federal minimum wage and the Colorado minimum wage from 2007 to 2009 in violation of the FLSA and the CMWWA.

## B.   PROCEDURAL HISTORY

Plaintiff filed his original complaint on July 8, 2009.  (Doc. # 1.)  Subsequently, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to allege sufficient facts in support of his claims.  (Doc. # 19.)  The Court, finding that Plaintiff's complaint lacked clarity and suffered from conclusory allegations, dismissed Plaintiff's original complaint without prejudice.  (Doc. # 69.)

On August 8, 2010, Plaintiff filed the Amended Complaint.  (Doc. # 102.)  The Amended Complaint abandoned all but one claim against Defendants.  Plaintiff's remaining claim alleges that Defendants' reimbursement formula did not reasonably approximate Plaintiff's vehicle-related expenses, which caused Plaintiff to be paid below the federal and Colorado minimum wages.  (Doc. # 102.)

On September 13, 2010, Defendants' filed a second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to allege his actual automotive expenses, and as a result, failed to state a plausible claim that (1) Defendants'

reimbursement formula did not reasonably approximate Plaintiff's actual vehicle-related expenses, and (2) that Defendants had paid Plaintiff below the minimum wage. Additionally, Defendants' argued that Plaintiff's collective action claim must fail because Plaintiff failed to show that others, including opt-in Plaintiffs, were similarly situated. Plaintiff responded on October 4, 2010 and Defendants replied on October 18, 2010.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The complaint will only survive a motion to dismiss if it "contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge v. Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, a court "accept[s] all the well-pleaded allegations of the complaint as true" and "construe[s] them in the light most favorable to the plaintiff."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 563).  Nevertheless, the courts "are not bound

4

to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, "a complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

## III. <u>ANALYSIS</u>

The FLSA provides a definition for "wages," but does not address an employer's reimbursement of expenses. However, "[Department of Labor] regulations are entitled to judicial deference, and are the primary source of guidance for determining the scope and extent of exemptions to the FLSA," including expense reimbursement. *Spadling v. City of Tulsa,* 95 F.3d 1492, 1495 (10th Cir. 1996). Therefore, the Court will look to the Department of Labor regulations to determine whether, under the FLSA, an employee may claim that his wages are reduced below the minimum wage when he is under-reimbursed for vehicle-related expenses. Under 29 C.F.R. § 531.35, "the wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." A kickback occurs when the cost of tools that are specifically required for the performance of the employee's particular work "cuts

into the minimum or overtime wages required to be paid him under the Act." *Id.*  Section

531.35 specifically incorporates § 531.32(c), which in turn incorporates § 778.217,

which states:

> Where an employee incurs expenses on his employer's behalf or where
> he is required to expend sums solely by reason of action taken for the
> convenience of his employer, section 7(e)(2) [which provides that
> employee's regular rate does not include travel or other expenses incurred
> in furtherance of the employer's interest] is applicable to reimbursement
> for such expenses.  Payments made by the employer to cover such
> expenses are not included in the employee's regular rate (if the amount
> of the reimbursement reasonably approximates the expenses incurred).
> Such payment is not compensation for services rendered by the
> employees during any hours worked in the workweek.

29. C.F.R. § 778.217(a).  In *Wass v. NPC International, Inc. (Wass I)*, 688 F. Supp. 2d

1282, 1285-86 (D. Kan. 2010), the court concluded that these regulations "permit an

employer to approximate reasonably the amount of an employee's vehicle expenses

without affecting the amount of the employee's wages for purposes of the federal

minimum wage law."  However, if the employer makes an unreasonable approximation,

the employee can claim that his wage rate was reduced because of expenses that were

not sufficiently reimbursed.  *Id.* at 1287.

Plaintiff alleges that his under-reimbursed vehicle expenses constituted a

kickback to Defendants because Defendants failed to reasonably approximate Plaintiff's

vehicle-related expenses and Plaintiff was specifically required to use and maintain a

vehicle to benefit Defendants' business.  Plaintiff further alleges that Defendants'

unreasonable approximation of Plaintiff's vehicle-related expenses led to Plaintiff's wage

being reduced below the minimum wage.

Defendants argue that Plaintiff cannot use an estimated mileage rate as a substitute for actual vehicle-related expenses.  Without pleading his actual expenses, Defendants contend that Plaintiff is unable to prove (1) that Defendants' reimbursement rate was an unreasonable approximation, and (2) that Defendants paid him below the minimum wage as a result of the under-reimbursement.  Plaintiff responds that he does not have to produce his actual automotive expenses in order to state a claim under the *Iqbal* and *Twombly* standard because he can raise the plausible inference that Defendants' approximation of his vehicle-related expenses was unreasonable without knowing his actual expenses.  For the following reasons, the Court finds that Plaintiff's Amended Complaint meets the pleading standard under *Iqbal* and *Twombly*.

**A.    FACTUAL SUFFICIENCY OF ESTIMATED VEHICLE-RELATED EXPENSES**

This Court must first determine whether an estimate of Plaintiff's vehicle-related expenses is factually sufficient to serve as the basis for a claim.  FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not an unreasonable approximation of the actual figure.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 694 (1946) (holding that "employees cannot be barred from their statutory rights" because they rely on estimates of overtime hours worked) (superseded by statute on other grounds);  *Bledsoe v. Wirtz*, 384 F.2d 767, 771 (1967) (holding that the employer had "the burden of specifically and expressly rebutting the reasonable inferences drawn from employee's evidence as to the amount of time spent working" when no record of actual time spent was kept);  *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d

7

1232, 1235 (D. Kan. 2005) (holding that plaintiffs may estimate the number of overtime hours worked to prove an FLSA claim).  In almost factually identical cases, other courts have found that "[i]t is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred."  *Wass v. NPC Int'l, Inc. (Wass II)*, No. 09-2254, 2010 U.S. Dist. LEXIS 141978, at *12 (D. Kan. Sept. 1, 2010); *See also, Perrin v. Papa John's Int'l, Inc.,* No. 4:09CV01335, 2011 WL 846148, at *3 (E.D. Mo. Mar. 8, 2011).

In his Amended Complaint, Plaintiff alleges that the 2009 IRS standard business mileage rate of $0.44 per mile was a reasonable approximation of his vehicle-related expenses in 2009.[1]  Defendants contend that Plaintiff cannot use the IRS mileage rate as a substitute for actual expenses, but do not cite any authority for this proposition.  Alternatively, Defendants argue that "even if substituting a mileage rate was an acceptable substitute for alleging actual expenses, Plaintiffs would still be required to allege *facts supporting* the purported rate." (Doc. # 109 at 8.)  The Court agrees that Plaintiff must allege some facts supporting the purported rate because "a complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949.  However, Plaintiff has satisfied this requirement by supporting the reasonableness of his estimate through reference to the IRS business mileage reimbursement rate for 2009, which ranged from $0.445 to $0.585 and the AAA

---

[1]  Plaintiff alleges only his vehicle-related expenses for 2009 and not for the other relevant time periods.  Although this is a deficiency, this is not a basis to dismiss the Amended Complaint because Plaintiff has provided sufficient information for 2009 and such a deficiency can be easily remedied.

estimate of the cost of running and operating a car, which ranged from $0.45 to $0.55 per mile in 2009.  Furthermore, Plaintiff asserts that the cost of running and operating his vehicle per mile would be higher than that of an average driver due to "frequent stopping and starting of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressure." (Doc. # 102 at 6.)  Although FLSA claims regarding under-reimbursement of vehicle-related expenses are sometimes dismissed for lack of specificity, this typically occurs when plaintiffs fail to provide any information at all regarding their vehicle-related expenses.  *Cf. Bailey v. Border Foods*, No. 09-01230, 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing the plaintiffs' claims for failure to identify "any facts that would permit the court to infer that Plaintiffs actually received less than minimum wage," including vehicle-related expenses).  The fact that Plaintiff's estimate is consistent with IRS and AAA figures, combined with Plaintiff's assertion that delivery drivers likely incur greater than average vehicle-related expenses, is sufficient for the Court to infer that the estimate is a reasonable approximation of the actual figure.  *See Perrin,* 2011 WL 846148, at *2 ("As evidence of the reasonableness of this estimate, Plaintiff recites the higher IRS business mileage reimbursement rate during this time period.").

The Court's conclusion is consistent with other district courts that have considered the use of IRS figures.  Although Defendants argue that *Wass* is distinguishable from this case because the *Wass* plaintiff documented his vehicle expenses in addition to citing the IRS figures, the Court finds that documentation is not

a necessary component to sustain this FLSA claim. *See Perrin,* 2011 WL 846148, at *3

(holding that it was plausible for the plaintiff to reasonably estimate his vehicle-related

expenses even though the plaintiff did not claim that he documented his actual

expenses).

**B.      REASONABLE APPROXIMATION OF VEHICLE-RELATED EXPENSES**

Given that Plaintiff may use an estimate of his vehicle-related expenses as a fact

to support his claims, this Court now must determine whether Plaintiff, based on the

facts alleged in the Amended Complaint, has stated a plausible claim that Defendants

failed to reasonably approximate his actual expenses.  Plaintiff alleges that he was

reimbursed at a rate of between $0.75 and $1.00 per delivery for all relevant time

periods and has been reimbursed at a rate of $0.75 since 2009.  Plaintiff further alleges

that he drove an average of five miles per delivery and incurred vehicle-related

expenses of $0.44 per mile in 2009.  Accepting all of the abovementioned factual

allegations as true, as required by Fed. R. Civ. P. 12(b)(6), Defendants' reimbursement

formula under-reimbursed Plaintiff in the amount of $1.45 per delivery in 2009.

Defendants correctly argue that they did not have to reimburse Plaintiff for his

actual expenses, but could approximate Plaintiff's vehicle-related expenses in setting

the reimbursement rate.  *See Wass I*, 688 F. Supp. 2d at 1285-86 (holding that the

plaintiff could not base his claim on the defendants' failure to reimburse actual expenses

because the defendant could reasonably approximate the Plaintiff's expenses for

reimbursement purposes).  Although Defendants' reimbursement rate did not need to

exactly equal Plaintiff's actual expenses, the reimbursement rate must have been a reasonable approximation.  The facts alleged are sufficient to show that there is a reimbursement gap that is "significant enough to support a plausible claim that defendant failed to approximate reasonably its drivers' expenses." *Wass I*, 2010 U.S. Dist. LEXIS 141978, at *7.

## C.      MINIMUM WAGE VIOLATION CLAIM

To state a claim for a violation of the FLSA and the CMWWA, Plaintiff not only must allege facts sufficient to lead to the plausible inference that Defendants' reimbursement formula did not reasonably approximate Plaintiff's expenses, but also, that the under-reimbursement led to Plaintiff being paid less than federal and Colorado minimum wages.  Plaintiff alleges that he was paid $7.28 per hour in 2009. In 2009, the Colorado minimum wage was $7.28 per hour.  The federal minimum wage was $6.55 from January to July of 2009, when it was raised to $7.25.  As noted, Plaintiff's allegations can be interpreted as demonstrating that Defendants under-reimbursed him for his vehicle-related expenses in the amount of $1.45 per delivery in 2009.  If Plaintiff was paid $7.28 per hour, was reimbursed at the rate of $0.75 per delivery, and completed two deliveries per hour, then Plaintiff was paid a total of $8.78 per hour. Based on the facts alleged in the Amended Complaint, Plaintiff, on average, had to drive a total of ten miles in order to make those two deliveries per hour.  Therefore, Plaintiff incurred vehicle-related expenses in the amount of $4.20 per hour to complete two deliveries (2 deliveries x ($.44/mile x 5 miles/trip)).  After deducting Plaintiff's

vehicle-related expenses from his wage, including the delivery reimbursement, Plaintiff

earned $4.58 per hour, which was $1.97 below the federal minimum wage before July

2009 and $2.67 below the federal minimum wage after July 2009.  Plaintiff's wage was

$2.70 below the Colorado minimum wage in 2009.  Therefore, the facts stated in the

Amended Complaint raise the plausible inference that (1) Defendants failed to

reasonably approximate Plaintiff's vehicle-related expenses, and (2)  Plaintiff's wage

was reduced to below the federal and Colorado minimum wages for the 2009 time

period.  Thus, Plaintiff's allegations are legally sufficient to state a claim under the FLSA

and CMWWA.

**D.      COLLECTIVE ACTION CLAIM**

        The FLSA permits a plaintiff to bring an action "against any employer . . . on

behalf of himself . . . and other employees similarly situated."  § 216(b).  Although the

FLSA does not provide a definition of similarly situated individuals, the Tenth Circuit, at

this stage of the litigation, requires "nothing more than substantial allegations that the

putative class members were together the victims of a single decision, policy, or plan."

*Theissen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Given that

this Court finds that Plaintiff may estimate his vehicle-related expenses, this Court also

finds that the estimates provided for opt-in Plaintiffs suffice.  Additionally, wages,

reimbursement rates, average number of deliveries, and average delivery distances

have been provided for opt-in Plaintiffs, which allows the Court to determine that it

was plausible that opt-in Plaintiffs were paid below the minimum wage due to under-

reimbursement of expenses.  Furthermore, the complaint alleges sufficient facts to

demonstrate that opt-in Plaintiffs were subjected to the same policy regarding

reimbursement as Plaintiff because each of them received a flat rate reimbursement

of between $0.75 and $1.00 per delivery.[2]

### III.  CONCLUSION

Based on the facts provided, it is plausible that Defendant failed to reasonably

estimate Plaintiff's vehicle-related expenses for reimbursement purposes, which caused

Plaintiff's wage to be reduced below the minimum wage.  Additionally, the Amended

Complaint alleges facts sufficient to state a plausible claim that there are other similarly

situated individuals that have been subjected to the same reimbursement policy.

Based on the foregoing, the Court ORDERS that Defendant's Motion to Dismiss

(Doc. # 106) is DENIED.

DATED:  June   03  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2]   The Court is aware of Defendants' argument that Plaintiff has failed to allege facts sufficient to demonstrate that Defendants willfully violated the FLSA, which would warrant extending the limitations period from two to three years.  This issue will be addressed at a later proceeding regarding class certification.